Julie R. Trotter, Bar No. 209675
  jtrotter@calljensen.com
Ellen Connelly Cohen, Bar No. 276458
  ecohen@calljensen.com
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA  92660
Tel:   (949) 717-3000
Fax:   (949) 717-3100

Attorneys for Defendant Kohl's Department Stores, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHY DOMINGUEZ, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>KOHL'S DEPARTMENT STORES, INC., a corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.  2:18-cv-05553-JFW-E<br><br>Hon. John F. Walter<br><br>**JOINT REPORT (RULE 26) FOR SCHEDULING CONFERENCE**<br><br>Date:     July 30, 2018<br>Time:    1:15 p.m.<br>Place:   Courtroom 7A<br><br><br>Complaint Filed:  May 14, 2018<br>Trial Date:          None Set |

By and through their attorneys of record, Plaintiff Kathy Dominguez ("Plaintiff"), and Defendant Kohl's Department Stores, Inc. ("Kohl's" or "Defendant") hereby jointly submit this Scheduling Conference report following the conference of counsel required by Federal Rules of Civil Procedure 16(b) and 26(f), and Local Rule 26-1.

### 1. Subject Matter Jurisdiction

This Court has diversity jurisdiction over this action under 28 U.S.C. § 1332. Plaintiff and Kohl's are citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

Kohl's was served with the Summons and Complaint on May 23, 2018 and timely removed this action on June 22, 2018.

No parties remain to be served. The parties agree that there are no issues regarding personal jurisdiction or venue.

### 2. Brief Chronology of Fact/Principal Factual Issues in Dispute

Plaintiff's Contentions

Defendant employs Plaintiff in sales. Plaintiff is 55 years old. At all times relevant, Plaintiff performed her job in a competent and satisfactory manner. Defendant hired Plaintiff over two years ago to work at least twenty hours per week. After a while, however, Plaintiff's hours and those of the other older employees were cut. Plaintiff asked her manager why her hours were cut and the manager said it was based on availability, but that was pretext because Plaintiff was generally available. Younger employees were less available and were given more hours.

Plaintiff's coworkers and/or supervisors harass Plaintiff based on her age. For example, they make comments in front of customers about Plaintiff having hot flashes.

Plaintiff complained to Defendants about harassment, discrimination, and problems getting rest breaks. After Plaintiff complained, Defendants reduced Plaintiff's hours even more. Accordingly, Plaintiff's hours were cut based on her age and her compliant, which is unlawful.

Defendant's Contentions

Plaintiff began working at Kohl's as a part-time sales associate in Downey on September 10, 2015. She remains employed as of the filing of this Joint Report. Kohl's denies that Plaintiff was ever "guaranteed" a specific number of hours to work each week. Moreover, while Plaintiff's hours have fluctuated over time – as is to be expected in the retail industry – Plaintiff has *not* experienced an overall reduction in her hours, as alleged in her Complaint. Nor has she experienced any other adverse employment action because of her age or her alleged complaints about discrimination, harassment, or anything else. To the contrary, Plaintiff remains employed by Kohl's and Kohl's has increased Plaintiff's hourly rate of pay by more than a third since the commencement of Plaintiff's employment. Kohl's further denies that Plaintiff has suffered any damage or injury by virtue of her employment with Kohl's or any acts or omissions arising out of that employment.

### 3. Disputed Points of Law

Plaintiff's Contentions

(1) Whether Defendant discriminated against Plaintiff based on her age in violation of FEHA;

(2) Whether Defendant is liable for harassment based on Plaintiff's age in violation of FEHA;

(3) Whether Defendant retaliated against Plaintiff in violation of FEHA;

(4) Whether Defendant failed to prevent discrimination, harassment, and retaliation in violation of FEHA;

(5) Whether Defendant is liable for subjecting Plaintiff to a wrongful adverse employment action;

(6) Whether Defendant's conduct was a substantial factor in causing Plaintiff harm;

(7) The nature and extent of Plaintiff damages;

(8) Whether Defendant acted with malice, oppression, or fraud;

(9) Whether Defendant's officers, directors, or managing agents, engaged in, authorized, or ratified said conduct; and

(10) The amount, if any, of punitive damages

<u>Defendant's Contentions</u>

With respect to Plaintiff's first and fifth causes of action (age discrimination in violation of the FEHA and wrongful adverse employment action in violation of public policy, respectively), Kohl's contends that Plaintiff has not experienced any adverse employment action, and even if she did, such adverse action was *not* causally connected to her age. *See Cozzi v. County of Marin*, 787 F. Supp. 2d 1047, 1057 (N.D. Cal. 2011). With respect to Plaintiff's second cause of action (harassment on the basis of age), Kohl's denies that Plaintiff experienced conduct severe or pervasive enough to alter the conditions of her work environment, and even if she did, such conduct was not causally connected to her age. *See id.* at 1069. Plaintiff's third cause of action (failure to prevent discrimination and harassment) is a derivative claim that necessarily fails because Plaintiff suffered neither discrimination nor harassment. *See Dept. of Fair Emp. and Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 748 (9th Cir. 2011). With respect to Plaintiff's fourth cause of action (retaliation in violation of the FEHA), Kohl's denies that Plaintiff engaged in any protected activity, further denies that Plaintiff suffered any adverse employment action, and even if she did, there was no causal connection between her alleged protected activity and the alleged adverse action. *See Cozzi*, 787 F. Supp. 2d at 1066. Plaintiff cannot demonstrate that Defendant's legitimate, nondiscriminatory employment decisions are rooted in discriminatory animus. Further, Kohl's denies that Plaintiff has suffered any damages, and denies that Plaintiff experienced acts of malice, oppression, or fraud to support an award of punitive damages. *See* Cal. Civ. Code § 3294.

**4.     Current Motions**

Neither party has filed a motion to date, and no motions are currently pending.

### 5. Amendments to the Pleadings

Plaintiff does not anticipate amending the operative complaint.

Kohl's does not anticipate amending its Answer on file.

The parties propose **August 3, 2018** as the deadline to amend the pleadings.

### 6. Initial Disclosures

The parties anticipate fully and timely complying with the initial disclosure requirements of Rule 26 of the Federal Rules of Civil Procedure by **August 10, 2018**.

### 7. Discovery Plan

No discovery has been taken to date.

Plaintiff anticipates taking discovery on the subjects of plaintiff's job performance, the conduct of plaintiff's coworkers and supervisors as it relates to the causes of action in the action, and any issue or defense Defendant may raise in discovery.

Kohl's anticipates taking discovery on Plaintiff's allegations in the Complaint, any adverse actions she claims to have experienced, her work conditions, any protected activity she claims to have engaged in, and her alleged damages, both economic and non-economic, and any issue Plaintiff may raise in discovery.

The parties anticipate using all discovery permitted under Rule 26, including depositions, requests for documents, interrogatories, and requests for admissions. The parties propose **July 19, 2019** as the close of fact discovery and **August 16, 2019** as the close of expert discovery. The parties agree that discovery need not be conducted in phases. The parties do not anticipate any issues regarding the preservation of electronically-stored information or claims of privilege. The parties do not seek any modifications of the rules of discovery at this time.

### 8. Related Cases

There are no related cases or proceedings pending before another judge of this Court, or before another court or administrative body.

## 9. Relief Sought

<u>Plaintiff's Relief Sought</u>

Plaintiff contends she sustained the following: economic damages, including past and future lost wages; noneconomic damages, including past and future emotional distress. Plaintiff also seeks punitive damages and an award of reasonable attorneys' fees and costs.

<u>Defendant's Bases for How Damages Should Be Calculated</u>

Defendant does not contend that damages should be calculated on any unusual or unique basis in the event liability is established.

## 10. Certification of Interested Parties

<u>Plaintiff's Certification of Interested Parties</u>

Plaintiff has not filed a certification of interested parties. Plaintiff is only aware of Plaintiff and Defendant as interested parties.

<u>Defendant's Certification of Interested Parties</u>

Kohl's filed its Certification pursuant to Rule 7.1 of the Federal Rules of Civil Procedure and Local Rule 7.1-1 on June 22, 2018.  The following listed parties may have a pecuniary interest in the outcome of the case.  These representations are made to enable the Court to evaluate possible disqualification or recusal.

| **PARTY** | **RELATIONSHIP** |
|---|---|
| Kathy Dominguez | Plaintiff |
| Reisman & Reisman | Counsel for Plaintiff |
| Kohl's Department Stores, Inc. | Defendant |
| Call & Jensen, APC | Counsel for Defendant |

## 11. Other Dates and Deadlines

The parties suggest the following deadlines:

| Event | Date |
|---|---|
| Initial Expert Disclosures | May 20, 2019 |



| Event | Date |
|---|---|
| Deadline to Have All Other Motions (Including Motion(s) for Summary Judgment) Heard | June 10, 2019 |
| Fact Discovery Cut-Off | July 19, 2019 |
| Expert Discovery Cut-Off | August 16, 2019 |
| Final Pre−Trial Conference | August 19, 2019 |
| Trial Date | September 16, 2019 |

**12.  Trial**

Plaintiff has demanded a trial by jury.  The parties estimate that a trial may take between 2-3 court days.

**13.  Settlement**

The parties have not yet engaged in substantive settlement discussions.  The parties may be amenable to pursuing informal settlement negotiations or mediation after the close of discovery.  Kohl's requests a Mandatory Settlement Conference to be held after the close of discovery.

**14.  Manual for Complex Litigation**

The parties agree that this case is not complex, and does not require reference to the procedures set forth in the Manual on Complex Litigation.

**15.  Dispositive Motions**

Plaintiff does not anticipate filing any dispositive motions.

Kohl's anticipates filing a motion for summary judgment or partial summary judgment.

**16.  Unusual Legal Issues**

The parties do not anticipate that this case will present any particularly unusual legal issues.

**17.   Registered ECF Users**

<u>Plaintiff's Lead Trial Counsel</u>

Plaintiff's lead trial counsel, Daniel A. Reisman, confirms that he is a registered ECF user. His email address is dreisman@reismanlawoffices.com

<u>Defendant's Lead Trial Counsel</u>

Kohl's Lead Trial Counsel, Julie R. Trotter, confirms that she is a registered ECF User.  Her email address is jtrotter@calljensen.com

Dated:  July 19, 2018

CALL & JENSEN
A Professional Corporation
Julie R. Trotter
Ellen Connelly Cohen


By: <u>*/s/ Ellen Connelly Cohen*</u>
      Ellen Connelly Cohen

Attorneys for Defendant Kohl's Department Stores, Inc.

Dated:  July 19, 2018

REISMAN & REISMAN
Daniel A. Reisman
Erin Reisman


By: <u>*/s/ Daniel A. Reisman*</u>

Attorneys for Plaintiff Kathy Dominguez

## SIGNATURE CERTIFICATION

I hereby certify that the content of this document is acceptable to Daniel A. Reisman, lead trial counsel for Plaintiff Kathy Dominguez and that I have obtained Mr. Reisman's authorization to affix his electronic signature to this document.

Dated: July 19, 2018

CALL & JENSEN
A Professional Corporation
Julie R. Trotter
Ellen Connelly Cohen


By: */s/ Ellen Connelly Cohen*
        Ellen Connelly Cohen

Attorneys for Defendant Kohl's Department Stores, Inc.