Julie R. Trotter, Bar No. 209675
 jtrotter@calljensen.com
Ellen Connelly Cohen, Bar No. 276458
 ecohen@calljensen.com
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA  92660
Tel:   (949) 717-3000
Fax:   (949) 717-3100

Attorneys for Defendant Kohl's Department Stores, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHY DOMINGUEZ, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>KOHL'S DEPARTMENT STORES, INC., a corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.  2:18-cv-05553-JFW-E<br><br>**DEFENDANT KOHL'S DEPARTMENT STORES, INC.'S RESPONSE TO ORDER TO SHOW CAUSE RE: SANCTIONS AND REMAND**<br><br>[Declarations of Julie R. Trotter and Ellen C. Cohen submitted concurrently]<br><br>Complaint Filed:   May 14, 2018<br>Trial Date:          June 18, 2019 |

## I. INTRODUCTION

Kohl's Department Stores, Inc. ("Kohl's") respectfully submits this response to the Court's Order of January 25, 2019 directing both parties to show cause as to why lead counsel should not be sanctioned and why this action should not be remanded for failure to comply with the Court's July 23, 2018 Order directing the parties to complete private mediation by January 21, 2019.

The Court should neither impose sanctions against the attorneys representing Kohl's nor remand this matter to state court because counsel for Kohl's made *multiple* good-faith efforts to schedule a private mediation, only to be met with rejection and delay on the part of Plaintiff's counsel. Counsel for Kohl's understands that the Court's Orders must never be disregarded. Counsel takes the Court's commands seriously and *repeatedly* reached out to Plaintiff's attorneys to schedule a private mediation as directed by the Court. Unfortunately, as chronicled below, those efforts were not reciprocated.

## II. RELEVANT FACTS

### A. Important Context for Mediation

Kohl's' efforts to mediate this case in compliance with the Court's Order should be viewed in the context of Plaintiff's claims and the potential damages at issue. Plaintiff is a part-time sales associate earning $12.36 per hour. Declaration of Julie R. Trotter ("Trotter Decl.") ¶ 2. She commenced employment with Kohl's in September 2015 and *remains employed by Kohl's to this very day*. *Id*. Her core claim is that at some unspecified point in time, Kohl's cut her hours from the 20 hours per week she was allegedly promised at her time of hire to some lesser unspecified amount. *See* Compl. ¶¶ 5, 7. Plaintiff claims that the reduction in hours was based on her age, in violation of California's Fair Employment and Housing Act. While Kohl's denies all of Plaintiff's allegations and further denies that Plaintiff has suffered damages of any kind, Kohl's has been amenable to settlement discussions from the inception of litigation.

1  However, Kohl's has taken the (reasonable) position that the costs of *resolving* the case
2  should not be grossly disproportionate to the value of the case *itself*.[1]

### B. Kohl's' Multiple Attempts to Schedule Mediation

In August and September 2018, counsel for Kohl's and Plaintiff engaged in direct bilateral negotiations, which Kohl's felt might be more cost-efficient than engaging the services of a professional mediator. Trotter Decl. ¶ 3. Those negotiations did not bear fruit. *Id.*

On October 29, 2018 (three months before the Court's mediation completion deadline of January 21, 2019), Julie Trotter, lead counsel for Kohl's, sent a list of five well-regarded mediators to Plaintiff's attorney Erin Reisman for consideration. *See* Trotter Decl. ¶ 4 & Ex. A. The mediators Ms. Trotter suggested charged, on average, approximately $350 per hour/$2,800 for a full-day mediation. *Id.* Ms. Trotter advised Ms. Reisman that, given the impact of the holiday season on the retail industry, Kohl's' preference for mediation would be either before Thanksgiving or after January 1. *Id.*

On October 31, 2018, Ms. Reisman responded via email, stating that she would not agree to *any* of the five mediators proposed by Ms. Trotter. Trotter Decl. ¶ 5 & Ex. A. Instead, Ms. Reisman suggested two alternate names. *Id.* However, both mediators suggested by Plaintiff's counsel charged *significantly* more than the mediators proposed by Kohl's, as shown in the chart below:

| **Five Mediators Proposed by Kohl's** | **Two Mediators Proposed by Plaintiff** |
|---|---|
| Average Full-Day Rate: **$2,800** | Full Day Rates: **$9,500** and **$5,500** |

Trotter Decl. ¶ 5.

Counsel for Kohl's objected to the rates charged by Plaintiff's proposed mediators and stated that if Plaintiff could find a mediator with rates similar to the ones

---

[1] Nothing in this Response should be read as contradicting Kohl's' representations to the Court regarding the amount in controversy for purposes of removal.

Kohl's had proposed, Kohl's would be happy to consider them.  Trotter Decl. ¶ 6 & Ex. A.  Kohl's did not receive any proposed mediators in response to its request.  *Id.*

On November 19, 2018 (two months before the Court's January 21 mediation deadline), Ellen Cohen, another attorney for Kohl's, spoke by telephone with Dan Reisman, lead counsel for Plaintiff, about the impasse the parties had reached with respect to selecting a mediator.  Declaration of Ellen C. Cohen ("Cohen Decl.") ¶ 2.  Mr. Reisman revisited the idea of direct bilateral negotiations as being preferable to incurring mediation costs, and said he would consult with Plaintiff and get back to Ms. Cohen with a demand.  *Id.*

Thereafter began a series of events in which counsel for Kohl's *repeatedly* reached out to Plaintiff's attorneys to consummate a settlement or, failing that, to schedule a mediation in compliance with the Court's order, only to be met with silence and delay:

- On Monday, December 3, 2018, Ms. Cohen sent Mr. Reisman an email prompting him for a settlement offer.  Cohen Decl. ¶ 3 & Ex. A.  Mr. Reisman did not respond.  *Id.*

- On Wednesday, January 2, 2019, Ms. Cohen telephoned Mr. Reisman and left a voicemail message expressing her concern that no demand had yet been conveyed.  Cohen Decl. ¶ 4.  Ms. Cohen reminded Mr. Reisman that if direct settlement talks were not successful, the parties would need to complete mediation by the January 21, 2019 deadline.  *Id.*  Mr. Reisman did not return this call.  *Id.*

- On Friday, January 4, 2019, Ms. Cohen sent another follow-up email to Mr. Reisman stating, "**If the case cannot be resolved through bilateral negotiations, the deadline to complete mediation is rapidly approaching, and I'm concerned that we're running out of time. Please give me a call or shoot me an email so we can move forward.**"



Cohen Decl. ¶ 5 & Ex. B (emphasis added).  Mr. Reisman did not respond. *Id*.

- On Monday, January 7, 2019, Ms. Cohen sent Mr. Reisman another follow-up email, which Mr. Reisman did not answer.  Cohen Decl. ¶ 6 & Ex. C.

- On Wednesday, January 9, 2019, Ms. Cohen emailed Mr. Reisman yet again, stating, "**It is very important that we connect in light of the rapidly-approaching mediation completion deadline**."  Cohen Decl. ¶ 7 & Ex. D (emphasis added).  Mr. Reisman did not respond.

- On Thursday, January 10, 2019, concerned that direct settlement negotiations were proving unsuccessful, counsel for Kohl's contacted the five mediators originally proposed in October 2018, inquiring as to their availability (if any) before the January 21 mediation deadline.  Cohen Decl. ¶ 8.  Almost all of the mediators had some dates available before the deadline.  *Id*.

- On Friday, January 11, 2019, Erin Reisman telephoned Ms. Cohen and said she would like to continue direct settlement talks.  Cohen Decl. ¶ 9.  Ms. Reisman then repeated the same demand she had conveyed in September 2018, when prior negotiations broke down.  *Id*.  Kohl's rejected Plaintiff's renewed demand.  *Id*.

- During a telephone conversation on Monday, January 14, 2019, Ms. Cohen advised Mr. Reisman that the mediators originally proposed by Kohl's still had available dates before the mediation deadline.  Cohen Decl. ¶ 10. However, Mr. Reisman expressed his preference to continue bilateral negotiations, and conveyed a new counter-offer.  *Id*.

- On Wednesday, January 16, 2019, Ms. Cohen called Mr. Reisman to advise him of the terms of the deal approved by Kohl's, in hopes that the case could settle before the mediation deadline.  Cohen Decl. ¶ 11.

However, as of the date of this filing, Plaintiff has not responded as to whether or not she accepts the terms of Kohl's' offer.[2] *Id*.

### III. THE COURT SHOULD NOT PUNISH KOHL'S' COUNSEL FOR OPPOSING COUNSEL'S LACK OF RESPONSIVENESS

As set forth above, attorneys for Kohl's made *repeated* good-faith efforts to (1) settle this case through direct negotiations, or, failing that, (2) to schedule private mediation, as ordered by the Court.  In October 2018, **three months before the mediation completion deadline**, counsel for Kohl's proposed five well-respected, reasonably priced mediators, all of whom Plaintiff's counsel rejected out of hand, instead suggesting mediators who charged **two and three times as much**.  The attorneys for Kohl's expressed their willingness to consider *any* mediator opposing counsel wished to propose, conditioned *only* on the requirement that the costs of mediation bear some rational relation to the size and scope of the case.

Opposing counsel stated their preference to engage in direct negotiations, but through their delay in conveying a demand on behalf of their client, Plaintiff's attorneys brought the parties to the brink of the mediation completion deadline.  With just days to spare, counsel for Kohl's did the legwork of contacting mediators and ascertaining available dates, yet Plaintiff's attorneys *again* demurred.  Even now, after the Court's admonishment, Plaintiff continues to sit on a settlement offer that Kohl's conveyed two weeks ago.

---

[2] In response to the Court's Order to Show Cause, Plaintiff's attorneys proposed scheduling a mediation as soon as possible so the parties can belatedly comply with the Court's Order.  Cohen Decl. ¶ 12.  Kohl's is ready and willing to mediate.  *Id*. However, as of the time of this filing, opposing counsel has not suggested any mediators other than the two they proposed last October, who charge two and three times as much as the average cost of the five mediators originally proposed by Kohl's. *Id*.

## IV. CONCLUSION

Counsel for Kohl's understands—and shares—the Court's frustration regarding the lapsed deadline to complete mediation in this matter. However, given Kohl's' multiple good-faith efforts to comply with the Court's Order, Kohl's respectfully requests that the Court impose no sanctions against it or its counsel.

Dated: January 29, 2019

CALL & JENSEN
A Professional Corporation
Julie R. Trotter
Ellen Connelly Cohen


By: */s/ Julie R. Trotter*
Julie R. Trotter

Attorneys for Defendant Kohl's Department Stores, Inc.